UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN POINTER, | No. 2:14-cv-0525 KJM CKD PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| BANK OF AMERICA NATIONAL ASSOCIATION, et al., | |
| Defendants. | |

Plaintiff's motion to compel further responses to interrogatories came on regularly for hearing on November 19, 2014. Matthew Righetti appeared telephonically for plaintiff. Regina Musolino appeared for defendant Bank of America, N.A. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this wage and hour putative class action, plaintiff, who was employed as a Home Service Specialist ("HSS"),[1] alleges that defendant Bank of America failed to pay him at the appropriate rate for overtime pay. The operative first amended complaint alleges that defendant

---

[1] At the hearing, defendant clarified that plaintiff was employed as a "Home Equity Home Service Specialist ("HEHSS"). Defendant asserts that all employees with the title of HEHSS were employed at the Rancho Cordova office.

failed to include non-discretionary bonus payments when calculating the regular rate of pay which served as the basis for overtime pay.  Plaintiff alleges claims under the California Labor Code for failure to pay minimum wage for all hours worked, failure to provide an itemized wage statement, 30 days of wages under Labor Code § 203, violation of the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200), and for penalties under California Labor Code §§ 2698-99 (the Private Attorney Generals Act "PAGA").[2]

Plaintiff seeks to represent a class composed of all non-exempt individuals employed by defendant with the title of Home Service Specialist who were paid wage compensation that included commission and/or bonus pay at any time within the four years preceding the filing of the action.  Plaintiff also seeks to represent a sub-class comprising those members of the class whose employment with defendant ended for waiting time penalties allegedly owed pursuant to Labor Code § 203.  The motion for class certification is set to be heard on March 13, 2015 before the District Judge.

Before the court is plaintiff's motion to compel further response to interrogatory no. 6, which asks defendant to identify each class member.  Whether to permit pre-certification discovery lies within the sound discretion of the trial court.  See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1312 (9th Cir. 1977).  As the court noted in Doninger, "the necessary antecedent to the presentation of evidence [as to whether a class action is maintainable] is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant."  Doninger, 564 F.2d at 1313; see also Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that the propriety of a class action cannot be determined in some cases without discovery, and that the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.").

---

[2] Under the California PAGA, representative claims on behalf of all the HSS employees can proceed notwithstanding any class certification.  See Arias v. Superior Court, 56 Cal. 4th 969 (2009).

1	In the circumstances presented here, the court finds that the discovery sought by plaintiff
2	is appropriate.  Plaintiff has demonstrated the need for discovery to substantiate the class
3	allegations through his own affidavit (ECF No. 18-1 at p. 45-48) and the declaration of plaintiff's
4	counsel (ECF No. 18-1 at p.4, ¶4).  See Mantole v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985)
5	("plaintiff bears burden of advancing a prima facie showing that the class action requirements of
6	[Rule 23] are satisfied or that discovery is likely to produce substantiation of the class
7	allegations").  The court finds that the privacy interests of the class members will be adequately
8	protected by the production of responsive discovery being subject to the protective order
9	previously entered in this action.  See ECF No. 9.

10	Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 16)
11	is granted.   Within thirty days from the date of this order, defendants shall produce responsive
12	names, addresses and telephone numbers of class members, subject to the stipulated protective
13	order.  Defendant shall state in the response whether only those class members employed at the
14	Rancho Cordova office are identified and the reasons for said limitation.  If plaintiff determines
15	that the response should not be so limited, plaintiff may avail himself of the undersigned's
16	procedures for Informal Telephonic Conferences re Discovery Disputes set forth on the website
17	for the Eastern District of California.

18	Dated:  November 20, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21	4 pointer-bofa.oah